j udge Co alter.
The bond of a guardian must be taken in open court; not only because the court, and the court alone, must approve of the security, but because, jin case of the inability, or refusal of the guardian to give such security, the court is to appoint either another guardian, or a curator.
The clerk, then, has nothing more to do in the business than to prepare the bond and insert the penalty directed by the court, and if executed by the party with security, to see that the bond be duly filed and preserved.
If he neglect or refuse to perform these duties, or any of them, he is answerable. For instance, if he refuse to prepare the bond for signature, the court will immediately punish him for such contempt: or, if the bond, after it is legally executed, be lost by the negligence of the clerk, not the court, (who did their duty,) but the clerk., will be answerable to the party injured.
I cannot, therefore, well see how the clerk can be made liable to damages for the non-execution of the bond; inasmuch as the law directs the justices to take it; prescribes a remedy against them for neglect, and shows how they may secure themselves against this penalty, if bond be not given, to wit, by appointing a curator, &c. But, as there may, perhaps, be cases in which the clerk will be answerable for the non-execution of a bond of this kind, I am not prepared to say that neither the justices, nor the parties, shall, in any event, have recourse to him for indemnity. Before such recourse, however, shall be had, I am of opinion it must at least appear that the clerk had it in his power to take a legal and proper bond.
If we- consider the order of the court in this case, as stated in the declaration, to mean that the clerk was to take the bond in the office, I think the clerk would not be responsible; because this would impose on him the doing an illegal act; and, if he did it not, especially as the order appointing the guardian is absolute, (not conditional, “ on his giving bond in the office,”) the clerk ought not to be responsible, for the consequences of such *499 irder: since he could not compel the party to give bond, and could not indemnify himself by the appointment of a curator, in case of failure.
If we consider the order as directing him to take the bond in court, it does not appear that he had it in his power to do so; for, admitting that the order was not blank, as to the penalty, as stated in the declaration, but that the court, after yerdict, would presume a penalty had been fixed; yet it does not appear that the party was either able or willing to give security, or that such security was approved by the court: on the contrary, it appears that they had not approved of any one as security, but directed the clerk to take good security. The order was not conditional ; the clerk could not compel the party to give security, or appoint a curator in case of failure : and it nowhere appears that he could have taken bond, even if he had power to judge of the sufficiency of the security j he was, therefore, not responsible for the non-execution of the bond.
There are other circumstances, too, in this case, which have great weight on my mind, but on which I forbear to give any absolute opinion.
It is not stated in the declaration that the suit against the justices was brought by the wards generally ; by any one of them in particular; or by whom it was brought ¡ or that the suit was for such damages as had been assessed against the guardian in a suit by the orphan, or orphans, against him, and which he was unable to pay; (for which amount only, by the third section of the law, were they liable ;) nor is it stated that they had paid those damages, or any part of them.
Nor am I prepared to say whether, after,'verdict, thw is to be considered an express or implied assumption; or if the former, how far an action of that kind, for malfeasance in office, can be maintained; or how far such action, arising ex delicto, would be lost by the death of the officer.
Upon the whole, I think there is nothing in this decía» *500 tion to support either an express or implied assumption ;(a) and that both judgments are erroneous. ■
Judge Roane.
Not deeming it necessary to consider, or decide upon, the other objections made to the judgment and declaration in this case, I am of opinion to reverse both judgments, and enter judgments for the appellant,on this ground, that no sufficient cause of action is stated in the declaration: for, while the promise stated in the declaration is predicated upon the alleged neglect of the deputy of the appellant’s intestate to take the bond and surety, in and by the said declaration supposed to be necessary, it is not averred that the appellees and their associates designated the said sureties, and admitted their sufficiency; without which the deputy aforesaid was not bound to complete the bond aforesaid ; and, consequently, the promise erected thereupon was without, an adequate consideration to support it.
Judge Fleming.
Not doubting but every clerk of a court of record is responsible for the malfeasance, or neglect of the official duties, of his deputy, I am yet of opinion that neither the principal nor deputy is to be mulcted for failing to perform a service not required of them by law.
The ground of the present action is, that the deputy clerk of the defendant neglected to take a bond, with sufficient security, of a guardian appointed by the court. From the plaintiffs’ own showing, they had no cause of action against the defendant; the taking a guardian’s bond being not a ministerial, but a judicial duty ; which the law imposes on every court appointing a guardian. The clerks generally provide blank bonds, which are, or ought to be, always filled up, and executed, in open court, which is to judge of the sufficiency, or insufficiency, of the security offered, and to order accordingly ; which order (among others of the day) is to be read by the *501 clerk, and signed by the presiding member before the adjournment of the court.
It seems to me, therefore, that the defendant was not chargeable, either on an express or an implied assumpsit; and, consequently, that the judgment of both courts ought to be reversed, and judgment entered for the appellant; which is the unanimous opinion of the court.

 7 T. R. 350.